**Michael G. McClory, OSB No. 974534**
mmcclory@cablehuston.com
CABLE HUSTON LLP
1455 SW Broadway, Suite 1500
Portland, OR 97201
503-224-3092 (Telephone)
(503) 224-3176 mile

*Attorney for Defendant FedEx Corporation*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| **MYRNA SUE HUNTER,** | Case No. _____ |
| Plaintiff, | **NOTICE OF REMOVAL** |
| v. | |
| **FEDEX, a domestic corporation,** | Pursuant to 28 U.S.C. § 1332 (Diversity Jurisdiction) |
| Defendant. | Multnomah County Circuit Court Case No. 22CV22694 |
| | JURY TRIAL DEMANDED |

NOW, comes the Defendant, FedEx Corporation ("FedEx"), an improperly named Defendant,[1] by and through its attorneys, and files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.  FedEx submits that the United States District Court for the District of Oregon has original diversity jurisdiction over this civil action and this matter may be removed

---

[1] The proper Defendant in this case is FedEx Corporate Services, Inc., the entity that employed Plaintiff.

PAGE 1 – NOTICE OF REMOVAL

to the District Court in accordance with the procedures provided at 28 U.S.C. § 1446.  In further support of this Notice of Removal, FedEx states as follows:

FedEx  is a named Defendant in the civil action titled *Myrna S. Hunter v. FedEx Corporate Services, Inc*. in Multnomah County Circuit Court, Oregon, Civil Division docket No. 22-cv-22694. Plaintiff, Myrna S. Hunter ("Plaintiff") filed its Complaint in the Multnomah County Circuit Court, Oregon on or around July 11, 2022. A true and correct copy of the Summons and Complaint is attached hereto as Exhibit "A."

1.      FedEx was served the Summons and Complaint via its registered agent on July 19, 2022.  A true and correct copy of a notification regarding such service is attached hereto as Exhibit "B."  No further proceedings have been had in the Multnomah County Circuit Court as of the date of filing of this removal.

2.      This Notice of Removal is timely filed on Plaintiff within 30 days of the date of service of the Complaint and Summons on August 18, 2022.

3.      As alleged in the Complaint, Plaintiff is an adult individual residing in Portland, Oregon.

4.      Both at the time Plaintiff initiated this action and at the time of this Removal, Plaintiff was and is a citizen of Oregon.

5.      As alleged in the Complaint, FedEx is a citizen of the state of Delaware where it is incorporated and a citizen of the state of Tennessee where it has its principal place of business. Dec. of Shahram Eslami at ¶¶ 3–5.

6.      FedEx is not incorporated in Oregon, nor does it have its principal place of business in Oregon.

7.      FedEx Corporate Services, Inc. employed Plaintiff and is the proper defendant in this case.  FedEx Corporate Services, Inc. is also a citizen of the state of Delaware where it is incorporated and a citizen of the state of Tennessee where it has its principal place of business. Dec. of Michael Lauderdale at ¶¶ 3-7.  FedEx Corporate Services, Inc. is not incorporated in Oregon, nor does it have its principal place of business in Oregon.

8.      Complete diversity of citizenship exists between the parties for purposes of diversity jurisdiction.

9.      Plaintiff alleges age and gender discrimination in violation of Oregon's Anti-Discrimination Employment Law, ORS 659A.030 and ORS 659A.006.

10.     The Notice of Removal need only contain a "short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (2014) (quoting 28 U.S.C. § 1446(a)). This governing principle also applies to a removing party's allegations as to the amount in controversy. *Id*.; *Ibarra v. Manheim Investments, Inc*., 775 F.3d 1193, 1196-1197 (9th Cir. 2015); *Fukuchi v. Stein Mart, Inc*., No. CV 19-8266-MWF (RAOx), 2019 WL 8756866 at *3 (C.D. Cal. 2019).  Only if the Court, or another party, contests the allegations of removability must the removing party submit evidence supporting its allegations, whereupon removability is decided under a preponderance of the evidence standard. *Id.*

11.     Nonetheless, in terms of compensatory damages, Plaintiff ostensibly seeks relief under Oregon's Anti-Discrimination in Employment Law statutes—ORS 659A.030 and ORS 659A.006. Plaintiff's requested damages include economic damages in the amount of $42.30/hour at 40 hours per week ($87,307.20 at the time of filing) along with all sales commissions she would have earned from July 14, 2021, through trial.  (Ex. A at ¶ 19).  She is

also seeking non-economic damages in the amount of $350,000, attorney fees, and the right to amend to include punitive damages pursuant to ORS 31.725-31.730. (Ex. A at ¶¶ 20–22). At the time of Plaintiffs' termination, she had 19 years of continuous service and her base rate of pay was $8,335.60/month. *See* Dec. of Becky Long ¶ 3.

12.     Based on the nature of the Complaint allegations and damages sought therein, FedEx alleges that, upon the evidence and good faith belief, Plaintiff seeks more than $75,000 in this action, and the amount in controversy requirement under 28 U.S.C. § 1332 is therefore satisfied.

13.     Defendant FedEx has not yet appeared in state court to defend this matter, and by filing this Notice of Removal, it is not waiving any claim or defense.

14.     Defense counsel certifies that FedEx will file a true and correct copy of this Notice of Removal with the Clerk of the Circuit Court for the State of Oregon, County of Multnomah, as required by 28 U.S. § 1446, and give notice of same to Plaintiff.

15.     FedEx respectfully requests this action be removed to the United States District Court for the District of Oregon; this Court exercise its subject matter jurisdiction over this action; and grant such other and further relief as it deems just and proper.

Dated: August 18, 2022

CABLE HUSTON LLP


s/Michael G. McClory_____
Michael G. McClory, OSB No. 974534
mmcclory@cablehuston.com
1455 SW Broadway, Suite 1500
Portland, OR 97201-3412
(503) 224-3092 Telephone
(503) 224-3176 Facsimile

*Attorney for Defendant*
*FEDEX CORPORATION*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on August 18, 2022, a true and correct copy of the foregoing

document was served via transmission of Notices of Electronic Filing generated by CM/ECF and

by U.S. Mail on the party of record listed below:

Christine S. Mascal, Esq.
Mascal Law, LLC
2905 NE Broadway
Portland, OR 97232
503-320-1020

<u>s/Michael G. McClory</u>
Michael G. McClory, OSB No. 974534
mmcclory@cablehuston.com
1455 SW Broadway, Suite 1500
Portland, OR 97201-3412
(503) 224-3092 Telephone
(503) 224-3176 Facsimile

*Attorney for Defendant*
*FEDEX CORPORATION*

# EXHIBIT A

# NOTICE OF REMOVAL

CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| MYRNA SUE HUNTER,<br><br>                    Plaintiff,<br><br>      v.<br><br>FEDEX, a domestic corporation,<br><br>                   Defendant. | Case No.  22CV22694<br><br>SUMMONS |

**To: FedEx Registered Agent, CT Corporation System, 780 Commercial Street SE, Suite 100, Salem, OR 97301**

You are hereby required to appear and defend the complaint filed against you in the above entitled cause within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff will apply to the court for the relief demanded in the complaint.

### NOTICE TO THE DEFENDANT:  READ THESE PAPERS CAREFULLY!

      You must "appear" in this case or the other side will win automatically.  To "appear" you must file with the Court a legal paper called a "motion" or "answer".  The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee.  It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff.

      If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may contact the Oregon State Bar's Lawyer Referral Service online at www.oregonstatebar.org or by calling (503) 684-3763 (in the Portland metropolitan area) or toll-free elsewhere in Oregon at (800) 452-7636.

CHRISTINE S. MASCAL
MASCAL LAW OFFICE
2905 NE Broadway
Portland, OR  97232
Attorney for Plaintiff

      I hereby certify that the foregoing is an exact and complete copy of the original Summons in the above entitled action.

_____

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this Summons, together with a true copy of the Complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this Summons is directed, and to make a Proof of Service on a separate document which you shall attach hereto.

                        /S/  Christine S. Mascal
                        CHRISTINE S. MASCAL, OSB #903332
                        Attorney for Plaintiff

1
2
3
4

**IN THE CIRCUIT COURT FOR THE STATE OF OREGON**

**FOR THE COUNTY OF MULTNOMAH**

| | |
|---|---|
| Myrna Sue Hunter,<br><br>                    Plaintiff,<br><br>          v.<br><br>FedEx, a domestic Corporation,<br><br>                    Defendant. | Case No.<br><br>COMPLAINT<br><br>Amount in Controversy:<br><br>Economic: $87,307.20 as of the date of this filing plus commissions<br><br>Non-Economic: $350,000<br><br>Filing Fee Authority: ORS 21.160(c)<br><br>NOT SUBJECT TO MANDATORY ARBITRATION<br><br>JURY TRIAL DEMAND |

Plaintiff alleges as follows, upon information and belief:

### <u>PARTIES</u>

1.

Myrna Sue Hunter ("Hunter") is a resident of Multnomah County, Portland, Oregon.

2.

FedEx Corporation ("Defendant") is a publicly traded company, incorporated in Delaware, and has its headquarters in Memphis, Tennessee.

Page 1 – HUNTER COMPLAINT – JURY TRIAL DEMAND

## **FACTS**

3.

Defendant hired Hunter on January 14, 2002, as a sales representative.

4.

Prior to working at FedEx, Hunter was employed by Viking Freight Transportation as a sales representative for approximately 10 years.

5.

On July 14, 2021, Defendant delivered a Letter of Termination ("Letter") to Hunter.  At the time of her termination, Hunter was 65 years old.

6.

The Letter indicated that Hunter was the subject of an internal investigation for violating defendant's policy against falsification of company records.  The Letter concluded that Hunter was being fired for said misconduct.

7.

Hunter formally disputed that she violated company policy or committed misconduct.

8.

Despite Hunter's challenge, Defendant upheld Hunter's termination without disclosing or discussing the evidence giving rise against her.  Instead, Defendant wrote that the termination was "due to misconduct" for "falsifying" the company records policy by marking 9 (nine) sales calls as completed when they were not completed.

9.

Defendant did not specify what calls were "falsified," how they were "falsified" or what accounts were "falsified."

Page 2 – HUNTER COMPLAINT – JURY TRIAL DEMAND

10.

Plaintiff denies that she falsified any records or violated company policy.

11.

Defendant terminated Hunter's employment because of her advanced age and/or gender.

12.

Before the investigation and allegations of falsifying company records, Defendant requested that its then district manager terminate Hunter's employment so she could be replaced by a younger employee subject to lesser earnings than Hunter. There is sufficient information and belief to allege that Defendant hired a person younger than Plaintiff after Plaintiff's termination.

13.

The district manager refused to fire Hunter, noting that Hunter had been an excellent employee with a stellar service record. The district manager was subsequently terminated for refusing to fire Hunter.

14.

Defendant hired a subsequent district manager who fulfilled Defendant's termination order of Hunter.

15.

Plaintiff suffered economic damages for lost wages and commissions as a result of her wrongful termination.

16.

In addition to economic damages, Plaintiff suffered non-economic harm by way of anxiety, embarrassment, sleep disorder, depression, and loss of reputation.

Page 3 – HUNTER COMPLAINT – JURY TRIAL DEMAND

## **FIRST CLAIM FOR RELIEF  - OREGON'S ANTI-DISCRIMINATION IN EMPLOYMENT LAW ORS 659A.030**

17.

Plaintiff realleges and incorporates herein all previously alleged paragraphs.

18.

On or about July 14, 2021, defendant violated ORS 659A.030 in at least one, but not exclusive to, actions:

A.  Terminated plaintiff based upon plaintiff's age.

19.

Plaintiff is entitled separate awards of economic damages based upon an hourly rate of $42.30 an hour with a 40-hour work week from July 14, 2021, to the date of trial, and lost sales commissions for the same time period.

20.

Plaintiff is entitled to non-economic damages against defendant in the amount of $350,000 or an amount to be determined at trial.

21.

Plaintiff is entitled to reasonable attorney fees and expenses pursuant to ORS 659A.885 and ORS 20.107.

22.

Plaintiff reserves the right to amend for the addition of punitive damages pursuant to ORS 31.725 – 31.730.

//

Page 4 – HUNTER COMPLAINT – JURY TRIAL DEMAND

**SECOND CLAIM FOR RELIEF- OREGON'S ANTI-DISCRIMINATION IN**

**EMPLOYMENT LAW ORS 659A.006**

23.

Plaintiff realleges and incorporates herein all previously alleged paragraphs.

24.

On or about July 14, 2021, defendant violated ORS 659A.006 in at least one, but not exclusive to, actions:

A.      Terminating plaintiff based upon plaintiff's age and gender in opposition of the public policy to avoid discrimination.

25.

Plaintiff is entitled separate awards of economic damages based upon an hourly rate of $42.30 an hour with a 40-hour work week from July 14, 2021, and lost sales commissions for the same time period.

26.

Plaintiff is entitled to non-economic damages against defendant in the amount of $350,000 or an amount to be determined at trial.

27.

Plaintiff is entitled to reasonable attorney fees and expenses pursuant to ORS 659A.885 and ORS 20.107

28.

Plaintiff reserves the right to amend for the addition of punitive damages pursuant to ORS 31.725- 31.730.

Page 5 – HUNTER COMPLAINT – JURY TRIAL DEMAND

1

**PRAYER**

2    WHEREFORE, Plaintiff prays for relief as follows:

3    **FIRST CLAIM FOR RELIEF**

4    1.  Economic damages in the amount of $42.30 an hour with a 40-hour work week from

5        July 14, 2021, to the date of trial; ($87,307.20 as of the date of this filing);

6    2.  Economic damages for all sales commissions due to Plaintiff for the date of July 14,

7        2021, to the date of trial;

8    3.  Non-economic damages in the amount of $350,000; and

9    4.  Attorney fees, costs and expenses.

10    **SECOND CLAIM FOR RELIEF**

11    1.  Economic damages in the amount of $42.30 per hour with a 40-hour work week from

12        July 14, 2021, to the date of trial; ($87,307.20 as of the date of this filing);

13    2.  Economic damages for all sales commissions due to Plaintiff for the date of July 14,

14        2021, to the date of trial;

15    3.  Non-economic damages in the amount of $350,000; and

16    4.  Attorney fees, costs and expenses.

17

18                         DATED this 11th day of July, 2022.

19                         Mascal Law Office, LLC

20

21                         By:*/s/ Christine  S. Mascal*
                           Christine S. Mascal, OSB# 903332

22                         Attorney for Plaintiff

23

24

Page 6 – HUNTER COMPLAINT – JURY TRIAL DEMAND

# EXHIBIT B

# NOTICE OF REMOVAL

## AFFIDAVIT OF SERVICE

**State of Oregon**                 **County of Multnomah**                    **Circuit Court**

Case Number: 22CV22694

Plaintiff: **MYRNA SUE HUNTER**
vs.
Defendant: **FEDEX**

For:
Christine Mascal
Mascal Law Office
2905 NE Broadway
Portland, OR 97232

Received by Barrister Support Service on the 14th day of July, 2022 at 8:01 pm to be served on **FEDEX R/A: CT CORPORATION SYSTEM, 780 COMMERCIAL STREET SE, STE. 100, SALEM, OR 97301**.

I, Bobby Chandler, being duly sworn, depose and say that on the **19th day of July, 2022** at **2:17 pm, I:**

SERVED the within named **FEDEX** at **780 COMMERCIAL STREET SE, STE. 100, SALEM, OR 97301** by personally serving a true copy of the **SUMMONS AND COMPLAINT** upon    **EDEN TITUS,** who is a clerk on duty in the office of the Registered Agent and who is authorized to accept service.

**CERTIFICATION OF MAILING:** I certify that on **7/25/2022** a true copy of *SUMMONS AND COMPLAINT* along with a statement regarding the date, time and manner of service was mailed to **FEDEX R/A: CT CORPORATION SYSTEM** at **780 COMMERCIAL STREET SE, STE. 100, SALEM, OR 97301** by First Class Mail postage paid.

**Description** of Person Served: Age: 24, Sex: F, Race/Skin Color: CAUCASIAN, Height: 5'7", Weight: 120, Hair: BLONDE, Glasses: N

I declare I am a resident of the State of Oregon. I am a competent person 18 years of age or older and not a party to or attorney in this proceeding. I certify that the person, firm, or corporation served is the identical one named in this action. I hereby declare that the above statement is true to the best of my knowledge and belief, and that I understand it is made for use as evidence in court and is subject to penalty for perjury.

STATE OF Oregon

County of marion
Subscribed and Sworn to before me on the 25 day
of July , 2022 by the affiant who is
personally known to me or has provided identification.

NOTARY PUBLIC

**Bobby Chandler**
Process Server

**Date** 7/25/2022

**Barrister Support Service**
**10725 SW Barbur Blvd.**
**Suite 202**
**Portland, OR 97219**
**(503) 246-8934**

Our Job Serial Number: TSB-2022003343

OFFICIAL STAMP
REBECCA LEA LUNDIN
NOTARY PUBLIC - OREGON
COMMISSION NO. 990639
MY COMMISSION EXPIRES August 11, 2023



Ex. B - Pg. 1 of 4

Malstrom's Process Serving
155 Culver Ln S
Salem, Oregon 97302
Customer Service is our Specialty!



US POSTAGE
$ 00.81
First-Class
Mailed From 97302
07/26/2022
032A 0061855747

FEDEX R/A:CT CORPORATIONS
SYSTEM,
780 COMMERCIAL STREET SE
STE. 100
SALEM OREGON,97301

SUB-SERVICE COPY

SUB-SERVICE COPY

SUB-SERVICE COPY



**CT Corporation**
**Service of Process Notification**
07/19/2022
CT Log Number 541952908

## Service of Process Transmittal Summary

**TO:**        Litigation Department
              Federal Express Corporation
              3620 HACKS CROSS RD, 3RD FLOOR, BUILDING B
              MEMPHIS, TN 38125

**RE:**        **Process Served in Oregon**

**FOR:**       FedEx  (Cross Ref Name)  (Domestic State: DE)
              Federal Express Corporation (True Name)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: MYRNA SUE HUNTER // To: Federal Express Corporation |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Multnomah County Circuit Court, OR<br>Case # 22CV22694 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - 07/14/2021 |
| **PROCESS SERVED ON:** | C T Corporation System, Salem, OR |
| **DATE/METHOD OF SERVICE:** | By Process Server on 07/19/2022 at 14:51 |
| **JURISDICTION SERVED:** | Oregon |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days from the date of service of this summons upon you |
| **ATTORNEY(S)/SENDER(S):** | CHRISTINE S. MASCAL<br>Mascal Law Office, LLC<br>2905 NE Broadway<br>Portland, OR 97232<br>503-320-1020 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/20/2022, Expected Purge Date: 07/25/2022 |
| | Image SOP |
| | Email Notification,  Litigation Department  lydia.langbein@fedex.com |
| | Email Notification,  Stacey Stephens  stacey.stephens@fedex.com |
| | Email Notification,  Cynthia Schwind  cynthia.schwind@fedex.com |
| | Email Notification,  Kathy Miller  khmiller@fedex.com |
| | Email Notification,  Donna Moore  donnamoore@fedex.com |
| **REGISTERED AGENT CONTACT:** | CT Corporation System<br>780 Commercial Street? SE<br>Ste 100<br>Salem, OR 97301<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

Ex. B - Pg. 3 of 4



**CT Corporation**
**Service of Process Notification**
07/19/2022
CT Log Number 541952908

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Ex. B - Pg. 4 of 4