IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MYRNA SUE HUNTER**, | Case No. 3:22-cv-1217-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **FEDEX CORPORATE SERVICES, INC.**, | |
| Defendant. | |

Christine Mascal, MASCAL LAW OFFICE, LLC, 2905 NE Broadway, Portland, OR 97232. Of Attorneys for Plaintiff.

Michael G. McClory, CABLE HUSTON LLP, 1455 SW Broadway, Suite 1500, Portland, OR 97201; and Gabriel P. McGaha and Barak J. Babcock, FEDERAL EXPRESS CORPORATION, 3620 Hacks Cross Road, Bldg. B, 3rd Floor, Memphis, TN 38125. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Plaintiff Myrna Sue Hunter brings this lawsuit against her former employer, FedEx Corporate Services, Inc. (FedEx). Hunter initially sued FedEx in state court, alleging both age and gender discrimination in violation of Oregon law. FedEx removed the case to federal court, and thereafter moved for summary judgment in its favor on all claims. *See* ECF 18. The Court heard oral argument on FedEx's motion and allowed the parties to supplement the record to clarify certain legal and factual issues. The Court then granted in part and denied in part FedEx's

PAGE 1 – OPINION AND ORDER

summary judgment motion. The Court granted summary judgment to FedEx on Hunter's gender discrimination claim but allowed Hunter's age discrimination claim to proceed to trial. *See* ECF 31.

FedEx now moves the Court to reconsider its denial of summary judgment on Hunter's age discrimination claim, arguing that the Court failed to analyze this claim using the requisite "but-for" standard. FedEx requests that the Court reverse its previous ruling and grant summary judgment in FedEx's favor on Hunter's age discrimination claim. For the following reasons, the Court denies FedEx's motion.[1]

## STANDARDS

Rule 54(b) of the Federal Rules of Civil Procedure provides that any order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." The rule, however, does not address the standards that a district court should apply when reconsidering interlocutory orders, and the Ninth Circuit has not established a standard of review. "Rule 54(b) is not a mechanism to get a 'do over' to try different arguments or present additional evidence when the first attempt failed. Thus, while the limits governing reconsideration of final judgments under Rule 59(e) do not strictly apply, courts frequently invoke them as common-sense guideposts when parties seek reconsideration of an interlocutory ruling under Rule 54(b)." Stephen S. Gensler & Lumen N. Mulligan, 2 Federal Rules of Civil Procedure, Rules and Commentary, Rule 54 (Feb. 2024 update).

When reconsidering an interlocutory order, district courts in the Ninth Circuit have stated:

---

[1] Notwithstanding FedEx's request for oral argument, the Court does not believe that oral argument would assist in resolving the pending motion. *See* LR 7-1(d)(1).

> Motions to reconsider under Rule 54(b), while generally disfavored, may be granted if: (1) there are material differences in fact or law from that presented to the court and, at the time of the court's decision, the party moving for reconsideration could not have known the factual or legal differences through reasonable diligence; (2) there are new material facts that happened after the Court's decision; (3) there has been a change in law that was decided or enacted after the court's decision; or (4) the movant makes a convincing showing that the court failed to consider material facts that were presented to the court before the court's decision.

*In re Galena Biopharma, Inc. Derivative Litig.*, 2014 WL 5494890 (D. Or. Oct. 30, 2014) (quoting *Lyden v. Nike, Inc.*, 2014 WL 4631206, at *1 (D. Or. Sept. 15, 2014)); *see also Stockamp & Assocs. v. Accretive Health*, 2005 WL 425456, at *6-7 (D. Or. Feb. 18, 2005) (discussing the four factors as set forth in the local rules of the Central District of California and applied by other district courts within the Ninth Circuit); *accord U.S. Tobacco Coop. Inc. v. Big S. Wholesale of Va. LLC*, 899 F.3d 236, 257 (4th Cir. 2018) (noting that courts have more discretion in evaluating reconsideration under Rule 54(b) and concluding that "a court may revise an interlocutory order under the same circumstances in which it may depart from the law of the case: (1) a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice" (quotation marks omitted)). However, "[w]hile a motion for reconsideration allows a party to bring a material oversight to the court's attention, it is not appropriate for a party to request reconsideration merely to force the court to think about an issue again in the hope that it will come out the other way the second time." *Brown v. S. Nev. Adult Mental Health Servs.*, 2014 WL 2807688, at *2 (D. Nev. June 20, 2014) (cleaned up).

## BACKGROUND

The parties' background and relevant facts are discussed in greater detail in the Court's summary judgment Opinion and Order, ECF 31. As relevant to the following discussion,

PAGE 3 – OPINION AND ORDER

in 2002, FedEx hired Hunter as a sales representative. After Hunter worked for FedEx for nearly 20 years, FedEx terminated Hunter's employment. Hunter was 65 years old when she lost her job with FedEx.

At summary judgment, the Court evaluated Hunter's age discrimination claim by applying the *McDonnell Douglas*[2] burden-shifting framework. At the first step of the burden-shifting analysis, the Court found that Hunter had established a prima facie case of age discrimination. Next, the Court found that FedEx had articulated a legitimate, non-discriminatory reason for the adverse employment action. At the final step of the analysis, the Court found that three pieces of circumstantial evidence, viewed in the light most favorable to Hunter, established a genuine issue for trial on the question of pretext. *See* ECF 31 at 8-9. On November 9, 2023, the Court entered its Opinion and Order granting summary judgment to FedEx on Hunter's gender discrimination claim and denying summary judgment on Hunter's age discrimination claim.

Less than two weeks before the extended deadline for the parties' pretrial submissions, on January 18, 2024, FedEx filed the instant motion for reconsideration of the Court's ruling at summary judgment. On January 30th, the parties filed a joint motion to stay the previously set pretrial motion and pretrial order deadline. ECF 36. On February 1st, the Court granted the motion to stay proceedings pending resolution of FedEx's motion for reconsideration. ECF 37.

## DISCUSSION

Hunter brings a claim for age discrimination against FedEx under Oregon's anti-discrimination law, Oregon Revised Statutes (ORS) § 659A.030. This law makes it unlawful for an employer to "discriminate against [an] individual in compensation or in terms, conditions[,] or privileges of employment," because of that individual's "race, color, religion, sex, sexual

---

[2] *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

orientation, gender identity, national origin, marital status[,] or age, if the individual is 18 years of age or older." ORS § 659A.030(1)(b). The Ninth Circuit has described ORS § 659A.030 as "Oregon's parallel age discrimination statute" to the federal Age Discrimination in Employment Act of 1967 (ADEA), *Enlow v. Salem-Keizer Yellow Cab Co., Inc.*, 389 F.3d 802, 810 (9th Cir. 2004), and courts in this district have analyzed age discrimination claims under these statutes under the same framework. *See Tsur v. Intel Corp.*, 648 F. Supp. 3d 1292, 1311 (D. Or. 2022) ("It is well-established that ORS § 659A generally mirrors the federal statutory regime under Title VII and that federal law provides guidance for interpreting Oregon's antidiscrimination law. . . . Thus, decisions in the District of Oregon have analyzed together disparate impact claims age discrimination under the ADEA and ORS § 659A.030.").

FedEx argues in its motion for reconsideration that the Court's ruling on Hunter's age discrimination claim at summary judgment "is contrary to well-settled U.S. Supreme Court and Ninth Circuit case law" because it did not apply the "but-for" standard articulated in *Gross v. FBL Financial Services, Inc.*, 557 U.S. 167 (2009)[3]. ECF 34 at 4-5.[4] FedEx cites two out-of-circuit district court cases that have reversed prior rulings upon reconsideration after having failed to apply the "but-for" standard at various stages of proceedings. *See id.* at 5 (citing *Nadenla v. WakeMed*, 2021 WL 1056521 (E.D.N.C. Feb. 23, 2021) (reconsideration of motion to dismiss), and *Shumate v. Selma City Bd. of Educ.*, 2013 WL 5758699 (S.D. Ala. Oct. 24, 2013)

---

[3] The Supreme Court in *Gross* held that, at trial, "[t]o establish a disparate-treatment claim under the plain language of the ADEA, . . . a plaintiff must prove that age was the 'but-for' cause of the employer's adverse decision." *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176 (2009).

[4] Although FedEx asserts that their position is supported by well-settled Ninth Circuit caselaw, FedEx's motion does not cite any Ninth Circuit decision in support of its argument that the "but-for" standard applies to age discrimination claims at the summary judgment stage.

PAGE 5 – OPINION AND ORDER

(reconsideration of motion for summary judgment)).  FedEx also relies on one District of Oregon case applying the "but-for" standard to an age discrimination claim at summary judgment. *See id.* (quoting *Lanyon v. Interfor U.S. Inc.*, 2018 WL 1976023, at *2 (D. Or. April 26, 2018)).

Contrary to FedEx's position, in the Ninth Circuit an age discrimination plaintiff is not required to establish "but-for" causation for the claim to survive summary judgment. In *Shelley v. Geren*, 666 F.3d 599 (9th Cir. 2012), the Ninth Circuit spoke specifically to the state of the law in this circuit as it applies to the evaluation of age discrimination claims post-*Gross* and expressly rejected the approach for which FedEx advocates. The district court in *Shelley* had declined to apply at summary judgment the established *McDonnell Douglas* burden-shifting framework to an age discrimination claim under the ADEA, believing that the Supreme Court's holding in *Gross* had precluded such an approach. *Id.* at 607. Reasoning that *Gross* was distinguishable in that it had been decided in the context of a case that had proceeded to trial, the Ninth Circuit clarified the law in this circuit as it applies to the evaluation of ADEA claims at summary judgment. Joining several sister circuits, the Ninth Circuit concluded that *Gross* "did not address the evidentiary framework applicable to a motion for summary judgment," and therefore "nothing in *Gross* overruled our casers utilizing [the *McDonnell Douglas* burden-shifting] framework to decide summary judgment motions in ADEA cases." *Id.* at 607. The Ninth Circuit then reiterated what a plaintiff is required to show to survive summary judgment on an age discrimination claim:

> [T]o survive summary judgment on [a] claim for a violation of the ADEA under the disparate treatment theory of liability, [a plaintiff] must first establish a prima facie case of age discrimination. If he is successful, the burden of production shifts to the [employer] to articulate a legitimate non-discriminatory reason for its adverse employment action. It is then [the plaintiff's] task to demonstrate that there is a material genuine issue of fact as to whether the employer's purported reason is pretext for age discrimination. *At*

PAGE 6 – OPINION AND ORDER

> *trial*, he must carry the burden to prove that age was the "but-for"
> cause of [the adverse employment action].

*Id.* at 608 (emphasis added) (citations omitted).

District courts within the Ninth Circuit have similarly applied the Ninth Circuit's holding in *Shelley* to find that a plaintiff need not show that age discrimination was a "but-for" cause of the adverse employment action to survive summary judgment. *See, e.g.*, *Marquez v. Glendale Union High Sch. Dist.*, 2018 WL 4899603, *5 (D. Ariz. Oct. 9, 2018) ("[T]he plaintiff does *not* have the burden of proving that age was the 'but-for' cause of the employer's adverse decision in order to survive summary judgment; rather, the plaintiff bears the burden of showing 'but-for' causation at trial." (emphasis in original) (citing *Shelley*)); *K.H. v. Sec'y of the Dep't of Homeland Sec.*, 263 F. Supp. 3d 788, 798 (N.D. Cal. 2017) ("Under *Shelley*, Plaintiffs need not show that age was the but-for cause of the [adverse employment action] to defeat summary judgment; that is their burden at trial."); *Doty v. PPG Indus., Inc.*, 2016 WL 5253205, at *4 (W.D. Wash. Sept. 22, 2016) ("In this case, Doty has failed to submit sufficient uncontroverted evidence to establish that age was the 'but-for' cause of his termination. The Court, however, is precluded from basing its summary judgment decision on this lack of evidence." (citing *Shelley*)).

Instead, the law of the Ninth Circuit continues to require that district courts apply the *McDonnell Douglas* burden-shifting framework to ADEA claims and claims under the parallel Oregon age discrimination law at the summary judgment stage. *See Dawson v. Entek Int'l*, 630 F.3d 928, 935 (9th Cir. 2011) (concluding that the *McDonnell Douglas* burden-shifting framework is a federal procedural law and thus applies to Oregon state-law age discrimination claims); *see also, e.g.*, *Acheampong v. Las Vegas Valley Water Dist.*, 2018 WL 1567348, at *4 (D. Nev. Mar. 30, 2018) ("At the summary judgment stage, the Ninth Circuit applies the burden-

PAGE 7 – OPINION AND ORDER

shifting framework established in *McDonnell Douglas*[.]"); *Lombardi v. Castro*, 2014 WL 12967992, at *11 (C.D. Cal. Dec. 22, 2014) ("[A]lthough the but-for standard would apply at trial, [the] *McDonnell Douglas* analysis, rather than the more stringent [but-for] framework proposed by Defendant, is used to determine whether there are genuine issues of material fact in connection with a motion for summary judgment[.]"), *aff'd*, 675 F. App'x 690 (9th Cir. 2017). The Court's Opinion and Order applied the proper standard to Hunter's age discrimination claim. The Court thus declines to reconsider FedEx's motion for summary judgment under the heightened "but-for" standard.

## CONCLUSION

The Court DENIES FedEx's Motion for Reconsideration of Opinion and Order, ECF 34. The Court LIFTS the stay on proceedings, ECF 37, and orders the Parties to submit pretrial motions and a proposed pretrial order no later than March 6, 2024.

**IT IS SO ORDERED**.

DATED this 21st day of February, 2024.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge